UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DOMICIANO REDONDO,

      Plaintiff,

v.                                   Case No: 6:17-cv-55-Orl-37TBS

JACK PARKER, WAYNE S. STEIN and
JAMES H. RICHEY,

      Defendants.

_____

## REPORT AND RECOMMENDATION

      Pending before the Court is Plaintiff Domiciano Redondo's Affidavit of Indigency which I construe as a motion for leave to proceed *in forma pauperis* (Doc 2). Upon review of the motion and Plaintiff's complaint (Doc. 1), I respectfully recommend that the motion be **DENIED and the complaint be DISMISSED without prejudice** for failure to demonstrate the Court's jurisdiction.

### Background

      Plaintiff, proceeding pro se, seeks to bring this action for suppression of his rights of free speech and petition against "Jack Parker, Eastern Florida State College Public Safety Director, Dr. Wayne S. Stein, Provost, Eastern Florida State College, [and] Dr. James H. Richey, President, Eastern Florida State College." (Doc. 1). According to the allegations of his complaint, taken as true for present purposes, "almost every weekday" over the course of the past several years, Plaintiff visited the library of Eastern Florida State College (the "College") to use the public computers designated for "community use." (Id. at ¶ 5). Plaintiff was usually the only person in the library using any of the computers; nevertheless, library staff and a sign state that use of the public computers is

limited to one hour, even when no other person is using one of the computers or waiting to use a computer (Id. at ¶ 6). Plaintiff has not been allowed to use the public computers for longer than one hour (Id.). Once he has used one of the public computers for an hour, he is not allowed further use, even when all of public computers "are just sitting there, idle." (Id.).

On February 9, 2015, Plaintiff wrote and mailed a letter to Dr. Richey, President of the College, asking that the one-hour rule be changed to allow continued use of a computer if the computer would otherwise be setting idle and unused.[1] (Id. at ¶ 7).

On February 12, 2015, a few minutes after he arrived at the library to use a computer, Plaintiff was approached by a uniformed City of Melbourne Police Officer and informed that he was being trespassed from the College property (Id. at ¶ 8).[2] Plaintiff alleges that about four Melbourne Police officers showed up and one placed him in the back of a police car and drove him to his car, parked in the campus parking lot (Id. at ¶ 9). Defendants Stein and Parker were present, and a lot of students "gawked" while Plaintiff was "treated like a criminal." (Id.).

Plaintiff asserts that Defendants had him "banished" from all College property because he petitioned Defendant Richey to rescind or modify the one hour rule governing computer use. He alleges that this action was "a clear retaliation" based on his viewpoint about the one hour rule (Id. at ¶¶ 10-13, 16).

For 17 years, Plaintiff obtained dental care in the dental clinic on campus and at all times conducted himself "peaceably and as a gentleman" when on College property (Id.

---

[1] A copy of the letter is attached to the complaint (Doc. 1-1 at 3). In a later unnumbered allegation, Plaintiff states that he previously met with Provost Dr. Wayne Stein about the one hour policy and Stein told Plaintiff he did not know about the policy and was going to take a look at it, but never got back to Plaintiff. (Doc. 1 at 4).
[2] A copy of the Trespass After Warning Affidavit is attached to the complaint (Doc. 1-1 at 4).

at ¶ 13-14). He alleges that the banishment violated his First Amendment rights to free speech and to petition government (Id. at ¶ 18).

Although Plaintiff alleges that Defendants are sued as individuals working for the College and that he "is not suing the Eastern Florida State College as an institution," (Id. at ¶ 4), Plaintiff avers that: "at all times relevant, the defendant and the other agents and employees were acting within the course and scope of their employment or agency, with the intent to further the interests of the defendants." (Id. at ¶ 17). Plaintiff also avers that the Defendants' violation of his rights is due to Defendants' policy or custom of allowing employees and agents to suppress the speech of people with whom "Defendants and/or its agents and employees" disagree (Id. at ¶ 20). Alternatively, Plaintiff alleges that the Defendants are negligent in training and/or supervising "their agents and employees." (Id. at ¶ 21). As a direct result, Plaintiff claims to have been injured and suffered damages, including mental anguish, emotional distress and economic damages (Id. at ¶ 23). He sues for a declaratory judgment "overturning the suppression, rescission of the trespass order, compensatory damages, costs" and fees (Id. at ¶ 24).

## Discussion

Federal courts may allow an individual to proceed in *forma pauperis* if that person declares in an affidavit that he "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). Before a plaintiff is permitted to proceed *in forma pauperis*, the court must review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. Id. § 1915(e)(2).

Paragraph (ii) of § 1915(e)(2)(B) authorizes dismissal of an indigent's case on the same terms as Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal for cases in

general–when the complaint "fails to state a claim on which relief may be granted."

Dismissal pursuant to § 1915(e)(2)(B)(ii) is governed by the same familiar standards that

govern dismissal under Rule 12(b)(6). Thorpe v. Little, 804 F. Supp. 2d 174, 180 (D. Del.

2011).

Section 1915(e)(2)(B)(ii) and Rule 12(b)(6) test the sufficiency of the plaintiff's

complaint. Because Rule 8(a)(2) requires the plaintiff to "show[]" that he is entitled to

relief, a mere "blanket assertion[] of entitlement to relief" will not do. Bell Atl. Corp. v.

Twombly, 550 U.S. 554, 556 n. 3 (2007). To survive dismissal under § 1915(e)(2)(B)(ii)

and Rule 12(b)(6), Plaintiff must plead facts which, "accepted as true, 'state a claim to

relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

Twombly, 550 U.S. at 570). A claim is "plausible on its face" when its factual content

permits a "reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal, 556 U.S. at 678. In evaluating a plaintiff's complaint under this standard, the court

must accept all well pleaded factual allegations as true and construe them in the light

most favorable to the plaintiff. Id.; Ironworkers Local Union 68 v. AstraZeneca

Pharmaceuticals, LP, 634 F.3d 1352, 1359 (11th Cir. 2011). Legal conclusions devoid of

factual support are not entitled to an assumption of truth. Mamani v. Berzain, 654 F.3d

1148, 1153 (11th Cir. 2011) (citing Iqbal, 556 U.S. at 679).

"Pro se pleadings are held to a less stringent standard than pleadings drafted by

attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148

F.3d 1262, 1263 (11th Cir. 1998) (per curiam). See also Erickson v. Pardus, 551 U.S.

89, 94 (2007) (per curiam). However, pro se litigants must still conform their pleadings to

the Federal Rules of Civil Procedure, Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir.

2007), and the court will not "serve as de facto counsel for a party or ... rewrite an otherwise deficient pleading in order to sustain an action." <u>GJR Investments, Inc. v. County of Escambia, Fla.</u>, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds* as recognized in <u>Randall v. Scott</u>, 610 F.3d 701, 706 (11th Cir. 2010).

 Plaintiff's complaint is a reiteration of his earlier lawsuit against the Trustees of the College that was dismissed for lack of subject matter jurisdiction. <u>See</u> <u>Redondo v. The District Board of Trustees of Eastern Florida State College, Florida,</u> Case No. 6:15-cv-1818-40-DAB, (Doc. 37 in that docket). In that case, Judge Byron recognized that the Eleventh Amendment provides sovereign immunity protection to a state, its agencies, or departments from suit in federal court, and the College is an arm of the state for these purposes. <u>Id.</u>, pp. 3-6. Although Plaintiff claims here that he is suing Defendants "as individuals," it is plain from the style of the complaint and his allegations that Defendants are being sued for official conduct in their official capacities. <u>See</u>, *e.g.* Doc. 1 ¶¶ 17, 20 and 21. The Supreme Court has held that a suit brought under 42 U.S.C. § 1983 against a state official in that person's official capacity is "no different from a suit against the State itself." <u>Will v. Michigan Dep't of State Police,</u> 491 U.S. 58, 71 (1989); see also <u>Monell v. New York City Dept. of Social Services,</u> 436 U.S. 658, 690, n. 55 (1978) (Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent"); <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-66 (1985) (official capacity suit is "*not* a suit against the official personally, for the real party in interest is the entity"-emphasis in original).

 As Plaintiff has not alleged facts showing the College has waived its immunity and his claim is based on the identical facts of the earlier case, Judge Byron's holding with

respect to the Board of Trustees is equally applicable to the President, the Provost and the Director here. Because Plaintiff's complaint seeks damages and not prospective equitable relief,[3] sovereign immunity bars the suit in this forum and the complaint should be dismissed, without prejudice.[4]

Plaintiff's motion for pauper status is due to be denied on its own lack of merit. In his affidavit, Plaintiff disclaims any ownership of real property or monies received from stocks or bonds but claims to receive $650 a month in "rent payments, interest, or dividends." (Doc. 2 at 3). Assuming Plaintiff meant to indicate that he *pays* rent of $650 per month, he shows no income from any source for the last 12 months which would account for such payments. He also fails to list any expenses for food, utilities, or his vehicle. As the affidavit is contradictory and incomplete, Plaintiff has not established that he is entitled to proceed as a pauper.

### Recommendation

Plaintiff's complaint fails to state a cognizable claim within the jurisdiction of this Court. Therefore, I **RESPECTFULLY RECOMMEND** that the Court **DENY** Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) and **DISMISS** this case without prejudice, with 21 days leave to amend.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

---

[3] See Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); McClendon v. Ga. Dep't of Cmty. Health, 261 F.3d 1252, 1256 (11th Cir. 2001) (explaining that the Young doctrine "permits federal courts to entertain suits against state officers seeking prospective equitable relief to end continuing violations of federal law.").

[4] Dismissals for lack of subject matter jurisdiction are without prejudice. Stalley ex rel. United States v. Orlando Regional Healthcare System, Inc., 524 F.3d 1229 (11th Cir. 2008).

objections waives that party's right to challenge on appeal any unobjected-to factual

finding or legal conclusion the district judge adopts from the Report and

Recommendation. <u>See</u> 11th Cir. R. 3-1.

     **RESPECTFULLY RECOMMENDED** at Orlando, Florida on January 17, 2017.

THOMAS B. SMITH
United States Magistrate Judge


Copies furnished to:

     Presiding United States District Judge
     Counsel of Record
     Any Unrepresented Parties